## EDWARDS v. HINES.

### Civ. A. No. 35084.

United States District Court
District of Columbia.
April 23, 1948.

Brown & Brown, Washington, D. C., for Edwards.

Barnard & Henry, Washington, D. C., for Hines.

MORRIS, District Judge.

This is an action for libel, and the critical question involved at the trial was whether or not certain words, to-wit, "* * * his unethical and dishonest practices as a real estate broker * * *", written and published by the defendant of the plaintiff, entitled the plaintiff to recover damages from the defendant. It was further claimed that said words were written and published with actual malice, entitling the plaintiff to recover punitive or exemplary damages in addition to compensatory damages. The defense was that the plaintiff's license as a real estate broker was revoked in 1941 by the Virginia Real Estate Commission on the ground of his "failing within a reasonable time to account for or remit any money coming into his hands belonging to others," Section 4359 (84) of the Virginia Code, subparagraph

(g), which action of the Virginia Real Estate Commission was sustained in a statutory review by the Circuit Court of the County of Arlington, Virginia, upon a jury trial of said issue, and that, therefore, the alleged libelous statement was a true statement and published as a correct report of judicial, or quasi judicial, proceedings. The defendant further denied any malice in the making of said alleged libelous statement.

The Court construed the defamatory words to be libelous per se, but left it to the jury to determine whether or not they were true, or substantially true. Under instructions, the jury was directed to find for the defendant in the event they determined that the defamatory words would have no more injurious effect upon the plaintiff in the mind of the ordinary reasonable reader than would the writing of the words actually contained in the order of the Virginia Real Estate Commission revoking the real estate broker's license of the plaintiff. In the event they determined the words written not to be substantially true, the jury was directed to consider and determine the amount of compensatory damages; and, in the event they found that such words were written with actual malice, the jury was instructed that they might assess punitive or exemplary damages. The verdict was for the plaintiff in the amount of $15,000 compensatory damages and $15,000 punitive or exemplary damages. The defendant has moved for judgment notwithstanding the verdict and, in the alternative, for a new trial.

■■ The principal point relied upon by the defendant is that the Court erred in not construing the written words to be substantially true and in accordance with the language of the order revoking the real estate broker's license of the plaintiff in 1941, or which is the same thing, the language of the particular section of the statute under which said license was revoked. It is argued that, because the libelous words were written and the statute and order of the Commission were likewise written documents, it lay with the Court, and not the jury, to construe them and determine that they were substantially the same. Several authorities are cited by the defendant, none of which are in point. The Court considers it to be well settled that, where there is any variance between judicial or quasi judicial action and the alleged libelous report or statement of the same, and such variance could reasonably make a different and more injurious impression upon the mind of an ordinary reasonable person reading the same than would have been made by a reading of an accurate report or statement of such proceedings, the matter is to be left to the jury for a determination as to whether or not the alleged libelous words are substantially true. No authority has been submitted showing, or even indicating, that the law of the Commonwealth of Virginia differs in any respect from this well recognized rule; but, on the contrary, such authorities of that State which have been cited indicate that such is the law in that jurisdiction.

■ The defendant insists that there is no evidence upon which to sustain the verdict for the compensatory damages found. Numerous witnesses testified on the issue of damages, and the publication of the alleged libelous communication among the real estate dealers throughout the State of Virginia is not denied. The defendant makes some contention concerning the failure to prove any injury to plaintiff's reputation in the District of Columbia, but it cannot seem that this has any relevance.

■ The defendant denies the right of the jury in this action to assess punitive or exemplary damages, the contention being that such damages are in the nature of a penalty, and the court of one jurisdiction cannot impose the penal laws of another. There is novelty in the contention that punitive or exemplary damages may not be imposed where the elements are present which justify such damages simply because the action is a transitory one and arose out of a tort in another jurisdiction. There has been no showing that the laws of the Commonwealth of Virginia do not permit punitive or exemplary damages in the facts and circumstances of the instant case.

■ The defendant contends that there is no evidence of actual malice which

726

justifies the allowance of punitive or exemplary damages in this case. With this, I cannot agree. There is evidence from which the jury could properly find actual malice on the part of the defendant against the plaintiff. While I cannot agree with argument of counsel for plaintiff that the communication containing the alleged libelous matter could be construed as relating to the time in which it was written, 1945, rather than as to the incident of the revocation of plaintiff's license in 1941 in determining whether it was substantially true or not, of course, the communication itself could be considered on the question of actual malice in the event it was determined not to be substantially true, and in that connection, it might well be considered that the failure to state that the plaintiff was at that time, 1945, a licensed real estate broker in the Commonwealth of Virginia was a wanton and reckless disregard of the rights of the plaintiff.

For the reasons hereinabove stated, the motion for judgment notwithstanding the verdict and the motion for a new trial are denied.